ARMSTRONG, Judge.
Defendant National Canal Villere appeals from a judgment against it, and dismissing defendant Anheuser-Busch, Inc., in a supermarket personal injury case. Because there is no evidence of any negligence on the part of National Canal Villere, and because the evidence clearly shows that An-heuser-Busch was negligent, we reverse the judgment of the trial court and render judgment against Anheuser-Busch.
The plaintiff, Rose Ann Orlando, went into a Canal Villere supermarket owned by defendant National Tea Company (“Canal Villere”) to purchase some cold beer. The cold beer is stored in a cooler with three glass doors on its front which are immediately adjacent to one another. Miller beer is stacked behind the left door of the cooler, Budweiser beer is stacked behind the middle door, and other brands are stacked behind the right door. Although there are three doors, and the beer brands are displayed each in their own area, the inside of the cooler is not divided by any walls or partitions. Thus, nothing separates the brands of beer.
The beer is stacked on shelves. Orlando opened the left door of the cooler, propped the door open against her hip, and bent *8 over to pick up a pack of Miller “ponies” from the bottom shelf of the cooler. While she was bent over, a pack of beer fell from above her and struck her on the neck causing the injuries complained of in this case. There is no evidence, and none of the parties contend, that Orlando did anything to cause the beer to fall on her or that she was in any way negligent.
Immediately before and during the time Orlando was struck by the pack of falling beer, an employee of defendant Anheuser-Busch, Lester Madere, was loading the cooler with Budweiser beer. He first went to the front of the cooler, pulled the Budweiser beer that was behind the middle door forward, and then went behind the cooler to re-stock more Budweiser in the middle section of the cooler. The back of the cooler has no doors or wall and opens to a cool storage area from which re-stocking is done.
Orlando testified that all of the beer in the cooler appeared to be neatly stacked as she opened the door. This testimony was corroborated by the sole eye-witness to the accident, Jay L. Cobb.
In its written reasons for judgment, the trial court stated:
The Court finds that the plaintiff is entitled to recover from the store for negligence in maintaining an unsafe condition for shoppers.
Despite some evidence in the case, the Court cannot find liability on Anheuser-Busch, Inc.
On appeal, Canal Villere argues that the judgment of the trial court should be reversed, and judgment be entered against Anheuser-Busch, because: 1) there was no evidence of negligence on its’ part; and 2) it must have been Madere who caused the beer to fall on Orlando. Canal Villere also argues that the trial court erred in awarding Orlando damages for injuries sustained through the date of a subsequent second automobile accident in which Orlando received further injury.
Of course, our review of the fact findings of the trial court is “not completed by reading so much of the record as will reveal a reasonable factual basis for the finding of the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous)”. Arcenaux v. Dominque, 365 So.2d 1330, 1333 (La.1978).
In the present case, we conclude that the trial court’s finding that Canal Villere negligently maintained an unsafe condition for shoppers is manifestly erroneous. Our careful review of the trial transcript reveals no evidence that Canal Vil-lere did anything wrong. Both Orlando and the sole witness to the accident testified that the beer in the cooler appeared to be neatly stacked. No one testified to the contrary. The only logical explanation as to how the beer fell, under the facts of this case, is that Madere pushed it directly or that beer he was placing in the middle section of the cooler dislodged the beer that fell.
We so conclude because: 1) Orlando clearly did not cause the beer to fall and the beer was not improperly stacked at the time Orlando opened the door to the cooler because a) it did not fall immediately upon her opening the door; and b) the sole testimony with respect to the position of the beer was that it appeared to be neatly stacked. Thus, there simply is no evidence that Canal Villere was negligent. Under these facts, the only logical conclusion we are able to reach is that Madere, while restocking the center shelves, either directly pushed the pack of beer that fell on Orlando, or dislodged it while loading the middle shelf. In either case, Madere was negligent. A reasonable prudent person, under the same or similar circumstances, either would have made sure that no one was opening the front of the cooler while he was re-arranging or re-stocking beer on the shelves and/or would have been sure that no beer was dislodged by the re-arranging or re-stocking of beer.
Canal Villere complains that Orlando was awarded damages that were not caused by the fall of the beer. After she was struck by the beer, but before the trial, Orlando was in three automobile acci *9 dents. The trial court found that the first accident did not cause any aggravation of the injuries Orlando complained of in this suit. (In this suit, she hurt her neck; in the first automobile accident, she hurt only her lower back). However, the trial court did not award Orlando damages from the time of her second auto accident because in that accident, she did injure or re-injure her neck. Under these facts, we find no manifest error in the trial court’s awarding damages through the date of Orlando’s second automobile accident.
Accordingly, the judgment of the trial court is reversed, and judgment is entered against defendant Anheuser-Busch in the amount originally assessed against defendant National Canal Villere.
REVERSED AND RENDERED